UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGM DEVELOPMENT, INC., <br><br>                              Petitioner, <br><br> -v- <br><br> JEFFREY RINDE, et al., <br><br>                              Respondents. | CIVIL ACTION NO. 25 Civ. 3208 (JHR) (SLC) <br><br> **ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

This matter was referred for general pretrial supervision and for a ruling on Petitioner AGM Development Group, Inc.'s ("AGM") Petition to Compel Arbitration (the "Petition"). (See ECF Nos. 1; 7).  On April 17, 2025, AGM filed the Petition and thereafter filed proof of service of summonses and the Petition on Respondents.  (ECF Nos. 8; 9).  After Respondents failed to timely respond to the Petition, AGM sought and received a Certificate of Default from the Clerk of Court.  (ECF Nos. 12–14).  On June 5, 2025, AGM moved for default judgment.  (ECF Nos. 15–17 (the "Motion")).

Accordingly, it is ORDERED as follows:

1. On or before **June 23, 2025**, AGM shall file proof of service of the Clerk's Certificate of Default and the Motion on Respondents.

2. **Within 14 days after service of the Motion**, Respondents shall respond to the Motion.  IF RESPONDENTS (1) FAIL TO RESPOND TO THE MOTION, OR (2) FAIL TO CONTACT MY CHAMBERS WITHIN 14 DAYS AFTER SERVICE OF THE MOTION AND REQUEST AN IN-COURT HEARING, I

1

INTEND TO ISSUE A REPORT AND RECOMMENDATION CONCERNING THE MOTION BASED ON AGM'S WRITTEN SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) ("'[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.'" (quoting Fustok v. ContiCommodity Services Inc., 873 F.2d 38, 40 (2d Cir. 1989))).

Dated:   New York, New York
         June 9, 2025

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge