UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AGM DEVELOPMENT GROUP, INC.,

                       Petitioner,

            -v.-

JEFFREY RINDE et al.,

                    Respondents.

25 Civ. 3208 (JHR) (SLC)

ORDER ADOPTING REPORT
AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

Petitioner AGM Development Group, Inc. brings this Petition to Compel Arbitration (the "Petition"), ECF No. 1, seeking to compel Respondents Jeffrey Rinde ("Mr. Rinde") and CKR Law, LLP ("CKR Law"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, to arbitrate all claims and disputes arising out of an escrow agreement between the parties at the American Arbitration Association (the "AAA"). ECF No. 1 at 1. Before the Court is the Report and Recommendation of Magistrate Judge Sarah L. Cave recommending that the Court grant Petitioner's motion for a default judgment on the Petition. ECF No. 26. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Cave's recommendation.

## BACKGROUND[1]

On April 17, 2025, Petitioner filed its Petition to Compel Arbitration. ECF No. 1. On April 21, 2025, the Court referred the Petition to Judge Cave. *See* ECF No. 7. Petitioner served the Petition on CKR Law and Mr. Rinde on May 2, 2025 and May 13, 2025, respectively. *See*

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 26.

ECF Nos. 8-9. After Respondents failed to timely respond to the Petition, Petitioner sought and received a Clerk's Certificate of Default on June 5, 2025. *See* ECF No. 14. That same day, Petitioner moved for a default judgment. ECF No. 15. In support of its motion, Petitioner filed an affirmation and a proposed default judgment. ECF Nos. 16-17. On June 9, 2025, Judge Cave issued an order directing Petitioner to file proof of service of the Clerk's Certificate of Default and motion for a default judgment by June 23, 2025. ECF No. 18. Judge Cave further directed Respondents to respond to the motion within 14 days of service and warned that, "IF RESPONDENTS (1) FAIL[ED] TO RESPOND TO THE MOTION, OR (2) FAIL[ED] TO CONTACT [JUDGE CAVE'S] CHAMBERS WITHIN 14 DAYS AFTER SERVICE OF THE MOTION," then Judge Cave "INTEND[ED] TO ISSUE A REPORT AND RECOMMENDATION CONCERNING THE MOTION BASED ON [PETITIONER]'S WRITTEN SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING." *Id.* On June 10, 2025, the Court referred Petitioner's motion for a default judgment to Judge Cave. ECF No. 19.

As directed, Petitioner served the Clerk's Certificate of Default and motion for a default judgment on CKR Law and Mr. Rinde on June 13, 2025 and June 20, 2025, respectively. ECF Nos. 20-21. On October 2, 2025, Judge Cave held a telephone conference to discuss Petitioner's motion for a default judgment. *See* ECF Nos. 22-24. Respondents did not appear. *See* ECF No. 24.

On October 27, 2025, Judge Cave issued a 15-page Report and Recommendation recommending that Petitioner's motion for a default judgment, ECF No. 15, be granted and that Petitioner's proposed judgment ordering Respondents to arbitrate before the AAA pursuant to the AAA Consumer Arbitration Rules, ECF No. 17, be entered. ECF No. 26 at 14. The Report and Recommendation notified the parties that they had "fourteen (14) days (including weekends and holidays) from service of th[e] Report and Recommendation to file written objections." *Id.*

2

at 15.  The Report and Recommendation also cautioned that "FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW."  *Id*.  No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24 Civ.1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025).  With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023).  A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that a failure to file objections would "RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW," ECF No. 26 at 15, the parties did not file any objections to the Report and Recommendation.  Thus, the parties waived the right to judicial review.  *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)

("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is "well-reasoned and grounded in fact and law."  *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

Accordingly, the Report and Recommendation is adopted in its entirety.  Petitioner's motion for a default judgment, ECF No. 15, is GRANTED, and the proposed default judgment ordering Respondents to arbitrate before the AAA pursuant to the AAA Consumer Arbitration Rules, ECF No. 17, is ENTERED.  By **April 3, 2026**, Petitioner shall serve this Order upon Respondents and file an affidavit attesting to such service.

Upon the entry of judgment, the Clerk of Court is directed to terminate all pending motions and close this case.

SO ORDERED.

Dated:  March 30, 2026
    New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

4